UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH SIMMONS,<br><br>    Plaintiff,<br><br>    v.<br><br>G. POMPEY,<br><br>    Defendant. | No.  2:19-cv-02491-JDP (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL IN PART<br><br>ECF No. 19 |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He alleges that defendant Pompey violated his First Amendment rights by refusing to let him out of his cell for religious services. ECF No. 1 at 7-8. Defendant has moved to compel plaintiff to sit for a deposition and to answer questions about his claims. ECF No. 19. Defendant has also asked that the court modify the scheduling order and issue monetary sanctions against plaintiff. ECF No. 19-1 at 4-6. Plaintiff has filed an opposition arguing that it is unfair that defendant is represented by counsel while he is not. ECF No. 20. Plaintiff argues that he should not be compelled to sit for a deposition until counsel is appointed to represent him. *Id.* at 1-2. In his reply, defendant argues that his counsel has made efforts to accommodate plaintiff and to explain the mechanics of the discovery process. ECF No. 21 at 1. He also points out, correctly, that plaintiff has no constitutional or statutory right to counsel in this case. *Id.* at 2. For the reasons stated below, I will grant defendant's motion to the extent that it seeks to compel

1

1 plaintiff to sit for a deposition.  I also grant defendant's request to modify the scheduling order.  I
2 decline, however, to impose monetary sanctions on plaintiff.

3       Federal Rules of Civil Procedure 30(a)(2)(B) and (b)(1) allow a party to depose a prisoner
4 by oral examination if the party obtains leave of court and gives other parties "reasonable written
5 notice" of the time and place of the deposition and, if known, the deponent's name and address.
6 The scheduling order in this case gave leave to depose plaintiff, ECF No. 17 at 1, and defendant
7 provided adequate notice, ECF No. 19 at 5.  As stated above, plaintiff's lone argument against
8 sitting for a deposition is that he feels disadvantaged litigating *pro se* against defendant's retained
9 counsel.  ECF No. 20 at 1.  It is an unfortunate reality of prisoner litigation that an inmate
10 plaintiff can be required to represent his own interests.  As defendant points out, there is no right
11 to counsel in section 1983 cases.  *See Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985)
12 (per curiam).  I can request, though not require, that counsel represent an inmate.  *Mallard v.*
13 *United States Dist. Court*, 490 U.S. 296, 298 (1989).  But I, like other judges in this district, make
14 such requests sparingly and only when justified by exceptional circumstances.  There are many
15 *pro se* prisoner litigants, nearly all of whom would appreciate an attorney's assistance in litigating
16 their cases—but there are few attorneys interested in assisting.

17       In determining whether exceptional circumstances justifying appointment of counsel exist,
18 "the district court must evaluate both the likelihood of success on the merits [and] the ability of
19 the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues
20 involved."  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (internal quotation marks and
21 citations omitted).  Here, plaintiff appears capable of representing himself and no other
22 exceptional circumstances justifying appointment of counsel exist.  He is, therefore, compelled to
23 sit for his deposition without court appointed counsel.

24       I will, as defendant requests, modify the scheduling order.  The deadline for completion of
25 discovery is extended by thirty days from the date of this order's entry for the limited purpose of
26 completing plaintiff's deposition.  Dispositive motions are due ninety days from the date of this
27
28

order's entry.[1]

I decline to impose monetary sanctions on plaintiff. He is proceeding *in forma pauperis*, ECF No. 7, and will likely be unable to pay. He is warned, however, that if he refuses to sit for his deposition a second time, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Defendant's motion to compel, ECF No. 19, is GRANTED in part.

2. Plaintiff must sit for his deposition without court appointed counsel. The deposition should occur within thirty days of this order's entry. Dispositive motions are due within ninety days of this order's entry.

3. I decline to impose monetary sanctions on plaintiff.

IT IS SO ORDERED.

Dated:   April 7, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[1] If defendant requires more time to complete plaintiff's deposition, he may move for another modification of the scheduling order.