UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH SIMMONS, | Case No. 2:19-cv-02491 (PC) |
| Plaintiff, | ORDER DIRECTING DEFENDANT'S COUNSEL TO FILE A FORMAL NOTICE OF PLAINTIFF'S DEATH AND TO SERVE THAT NOTICE ON PLAINTIFF'S REPRESENTATIVE OR SUCCESSOR |
| v. | |
| G. POMPEY, | |
| Defendant. | |

      Plaintiff, a state prisoner proceeding without counsel, commenced this action against defendant Pompey, alleging that defendant violated his First Amendment right to free exercise of religion. ECF Nos. 1, 11. On July 7, 2021, defendant filed a motion for summary judgment. ECF No. 23. After plaintiff failed to timely respond to that motion, the court ordered him to show cause, within twenty-one days, why this action should not be dismissed for failure to prosecute and failure to comply with court orders. ECF No. 26. Plaintiff subsequently requested, and the court granted, two extensions of time to respond to defendant's motion and the court's order to show cause. ECF Nos. 27-30. The court's December 21, 2021 order, which granted plaintiff's motion for a second extension, was recently returned as undeliverable, with the notation, "Deceased."

      Federal Rule of Civil Procedure 25 establishes the process for moving forward after a party to a civil action has died. Of relevance here, it provides that "[i]f a party dies and the claim

1    is not extinguished, the court may order substitution of a proper party." Fed. R. Civ. P. 25(a). If
2    the descent's successor or representative do not file a motion for substitution "within 90 days
3    after service of a statement noting the death, the action by or against the decedent must be
4    dismissed." *Id*. Under California law—which federal courts apply in determining survival of a
5    claim under 42 U.S.C. § 1983—a cause of action against a person is generally not extinguished
6    by that person's death. Cal. Civ. Proc. Code § 377.20(a); *see Robertson v. Wegmann*, 436 U.S.
7    584, 590 (1978).

8    The Ninth Circuit has explained that Rule 25 requires two affirmative steps to trigger the
9    90-day period:

> First, a party must formally suggest the death of the party upon the record. Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute. Thus, a party may be served the suggestion of death by service on his or her attorney, while nonparty successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons.

15   *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (internal citations omitted). Under *Barlow*,
16   the defendant has some obligation to identify the plaintiff's representative or successor and to
17   serve the notice of death on that party. *See Gilmore v. Lockard*, 936 F.3d 857, 865-68 (9th Cir.
18   2019).

19   Defendant will be ordered to provide the court with a formal notice of plaintiff's death and
20   to serve that notice on plaintiff's representative or successor. If defendant is unable to identify
21   plaintiff's representative or successor, he shall file a notice with the court explaining the steps that
22   he has taken to locate plaintiff's representative or successor. *See Gruenberg v. Maricopa County*
23   *Sheriff's Office*, No. CV 06-0397-PHX-SMM (DKD), 2008 WL 2001253 (D. Ariz. May 7, 2008)
24   (dismissing an action without prejudice after the plaintiff died and the defendants could not locate
25   a successor).

26   Accordingly, it is hereby ORDERED that:

27   1. Within fourteen days of the date of this order, defendant shall file with the court a
28   formal notice of plaintiff's death.

2. Within thirty days of the date of this order, defendant shall either:

    a. serve that notice on plaintiff's personal representative or successor in interest; or

    b. notify the court that plaintiff's representative or successor could not be located and explain the steps defendant has taken to locate plaintiff's representative or successor.

3. This action is stayed for 120 days to allow defendant to comply with this order and afford plaintiff's representative or successor an opportunity to file a motion for substitution.

4. The Clerk of Court is directed to administratively terminate defendant's July 7, 2021, motion for summary judgment. If necessary, defendant may re-notice that motion after resolution of any motion for substitution.

IT IS SO ORDERED.

Dated:    January 26, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE