UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH SIMMONS, | Case No. 2:19-cv-02491-JDP (PC) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| G. POMPEY, | |
| Defendant. | |

The court has learned that plaintiff, a state prisoner proceeding without counsel, passed away during the pendency of this litigation. Pursuant to Federal Rule of Civil Procedure 25, plaintiff's representative or successor in interest has been given an opportunity to continue litigating this case on his behalf. No such person has notified the court of their intent to do so. Accordingly, I recommend that this action be dismissed.

**Relevant Background**

On April 14, 2020, the previously assigned magistrate judge, Judge Brennan, screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A. ECF No. 7. Judge Brennan notified plaintiff that he could proceed with his viable First Amendment claim against defendant Pompey, but that his remaining claims were not cognizable. *Id*. at 3. Plaintiff elected to proceed with the First Amendment claim. ECF Nos. 10 & 11.

Defendant filed a motion for summary judgment. ECF No. 23. After plaintiff failed to

timely respond, I ordered him to show cause, within twenty-one days, why this action should not be dismissed for both failure to prosecute and failure to comply with court orders. ECF No. 26. I subsequently granted plaintiff two extensions to respond to defendant's motion and the court's order to show cause. ECF Nos. 27-30. The court's order granting plaintiff's motion for a second extension was returned as undeliverable, with the notation, "Deceased." ECF No. 30.

On January 27, 2022, I directed defendant's counsel to file a formal notice of plaintiff's death and to serve that notice on plaintiff's representative or successor. ECF No. 31. I also stayed this matter for 120 days to afford plaintiff's representative or successor an opportunity to a file a motion for substitution. *Id.* at 3.

On February 9, 2022, defendant's counsel filed a notice that plaintiff had died on December 3, 2021. ECF No. 32. The notice indicated that CDCR had provided defense counsel with the identity of plaintiff's next of kin, his son Jeremiah Simmons. *Id.* at 1. Defense counsel stated that a copy of the complaint and notice of death would be served on plaintiff's son pursuant to Rule 4. *Id.* at 1. After defendant did not file proof of service of the notice of death and copy of the complaint on plaintiff's son or other representative, I ordered defendant to do so within twenty-one days. ECF No. 33.

Defendant has provided the required proof of service. ECF Nos. 37 & 38. To date, the court has received no filings from plaintiff's son or from any other representative or successor.

**Legal Standard**

Federal Rule of Civil Procedure 25 establishes the procedure for moving forward with litigation after a party to a civil action has died. It provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of a proper party." Fed. R. Civ. P. 25(a). Under California law, which federal courts apply in determining survival of a claim under 42 U.S.C. § 1983, a cause of action against a person is generally not extinguished by that person's death. Cal. Civ. Proc. Code § 377.20(a); *see Robertson v. Wegmann*, 436 U.S. 584, 590 (1978).

Under Rule 25(a)(1), a party must formally suggest the death of the party upon the record and serve the nonparty representatives of the deceased party with the suggestion of death in the manner provided in Federal Rule of Civil Procedure 4 for the service of a summons. *Barlow v.*

2

*Ground*, 39 F.3d 231, 233 (9th Cir. 1994).  If the descent's successor or representative do not file a motion for substitution "within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a).  The objective of "Rule 25(a)(1) is to alert nonparties to the consequences of the death of a party in a pending lawsuit so that they may act if they desire to preserve the decedent's claim." *Gruenberg v. Maricopa Cnty. Sheriff's Off.*, No. CV 06-0397-PHX-SMM (DKD), 2008 WL 2001253, at *1 (D. Ariz. May 7, 2008).

**Discussion**

Defendant has satisfied both requirements of Rule 25(a).  Defendant filed a formal suggestion of death on the record, ECF No. 32, and served plaintiff's successors or representatives with a suggestion of death in the same manner as required for service of a motion to substitute, ECF Nos. 37, 38.  It has been over ninety days since proof of service was filed, and no motion for substitution has been filed in accordance with Rule 25(a)(1).  *See Gardner v. CSP-LAC*, No. CV-20-7519-VBF (AGR), 2023 WL 2412776, at *2 (C.D. Cal. Mar. 7, 2023) (dismissing a § 1983 action after defendants complied with the requirements of Rule 25(a) and no one filed a motion for substitution or requested an extension of time to file such a motion).

Accordingly, it is ORDERED that the Clerk of Court shall randomly assign a United States District Judge to this case.

Further, it is hereby RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

1  IT IS SO ORDERED.

3  Dated:   October 10, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE